JEFFERSON (Bernard), J.
I concur in the result reached by Justice Kingsley in his opinion. However, I disagree with his view that the arrest of defendant was lawful. I would hold that there was a lack of reasonable or probable cause for a warrantless arrest.
Justice Kingsley cites a statement from People v. Gamboa (1965) 235 Cal.App.2d 444, 448 [45 Cal.Rptr. 393], to the effect that “The totality of information, coming from a number of independent sources, may be *993 sufficient even though no single item meets the test [of reliability]. If the smoke is heavy enough, the deduction of a fire becomes reasonable.”
This theory is not an acceptable one when it comes to the question of whether there is probable cause to effect a warrantless arrest. It may be reasonable to show a deduction of fire from heavy smoke, but it is certainly not reasonable to draw a deduction of reasonable belief that defendant committed a felony because of a host of suspicious circumstances. If “the totality of information,” relied upon by the arresting police officers to justify an arrest, is nothing but the total of information —all from untested or unreliable informants—the total is no better than each unreliable item. The smoke may be heavy, but the deduction of a fire under such circumstances is unwarranted and cannot be considered a reasonable deduction.
In the case at bench, the three informants fit the following description: two were untested and the third had no personal knowledge of the information imparted to the police. I cannot agree with the premise that if you add three items of unreliability, your total equals reliability. In my mathematics, the addition of three zeros still leaves you with zero. I fail to see how the total information received by the arresting officers is any better than each unreliable piece that makes up the total.
Since I find the arrest to be unlawful, I find the consent necessarily to be lacking in voluntariness irrespective of the question of whether a consent obtained after a violation of Penal Code section 844 automatically becomes an involuntary consent. “The rule is clearly established that consent induced by an illegal search or arrest is not voluntary, and that if the accused consents immediately following an illegal entry or search, his assent is not voluntary because it is inseparable from the unlawful conduct of the officers.” (Burrows v. Superior Court (1974) 13 Cal.3d 238, 251 [118 Cal.Rptr. 166, 529 P.2d 590].) (Italics added.)
Respondent’s petition for a hearing by the Supreme Court was denied September 22, 1977.